ORIGINAL

# In the United States Court of Federal Claims

No. 18-274C
(Filed: February 26, 2018)
**NOT FOR PUBLICATION**

**FILED**

FEB 2 6 2018

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| CASEY SACCHI, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Pro Se Complaint; <u>Sua</u> <u>Sponte</u> |
| v. | ) Dismissal for Want of |
| | ) Jurisdiction, RCFC 12(h)(3). |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>ORDER</u>

Currently before the court in this matter are:  (1) the complaint of <u>pro</u> <u>se</u> plaintiff Casey Sacchi, ECF No. 1, filed February 21, 2018; and (2) plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ECF No. 4, also filed February 21, 2018.  Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).  See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The court's jurisdictional analysis is set forth below.

I.      Background

Plaintiff's complaint states he is being persecuted by the Federal Bureau of Investigation (FBI).  The cause for this persecution is attributed to the fact that Mr. Sacchi is from Ghana. ECF No. 1 at 2.  The form of the persecution is harassment, stalking, civil rights abuses, and torture. <u>Id.</u> at 1-4.  The relief sought for the mental and physical strain caused by three decades of persecution is fifty million dollars. <u>Id.</u> at 4.

II.     <u>Pro</u> <u>Se</u> Litigants

The court acknowledges that <u>pro</u> <u>se</u> plaintiffs are not expected to frame issues with the precision of a common law pleading.  Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

7016 3010 0000 4308 4096

## III.   Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

## IV.   Analysis

Plaintiff's complaint alleges, first, civil rights abuses by the FBI. ECF No. 1 at 2. It is well settled that violations of constitutional rights, such as the rights to due process and equal protection, and violations of civil rights, generally, do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005). Plaintiff also alleges that employees of the FBI have committed intentional torts against him. ECF No. 1 at 1. Tort claims are specifically excluded from this court's jurisdiction. 28 U.S.C. § 1491(a)(1). Further, plaintiff accuses the FBI of torture, ECF No. 1 at 3-4, but claims alleging torture by government officials are not within the jurisdiction of this court. Perales v. United States, 133 Fed. Cl. 417, 418 (2017); Mendiola v. United States, 124 Fed. Cl. 684, 688 (2016). Finally, plaintiff alleges that the FBI subjected him to criminal harassment and stalking. ECF No. 1 at 2. This court has no criminal jurisdiction. Campbell v. United States, 229 Ct. Cl. 706, 707 (1981). None of plaintiff's claims against the FBI fall within this court's jurisdiction.

## V.   Conclusion

The complaint in this case must be dismissed. Accordingly, plaintiff's application to proceed in forma pauperis, ECF No. 4, is **GRANTED** for the limited purpose of determining this court's jurisdiction. The clerk's office is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge

2